IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-70-BO

THOMAS POTTER,            )
                          )
    Plaintiff,            )
                          )
v.                        )
                          )    **ORDER**
                          )
MICHAEL J. ASTRUE,        )
                          )
    Defendant.            )
_____)

This matter comes before the Court on Defendant's Motion to Alter or Amend Judgment relating to this Court's August 8, 2008 Order granting Plaintiff's Motion for Extension of Time. For the following reasons, Defendant's Motion to Alter or Amend Judgment is GRANTED and, accordingly, Plaintiff's Motion for Extension of Time is DENIED.

BACKGROUND

On August 13, 2005, an Administrative Law Judge issued a decision denying Plaintiff's claims for disability insurance under Title II of Social Security Act. Plaintiff then requested the Appeals Council review that decision. On February 16, 2007, the Appeals Council issued a decision denying Plaintiff's request for review. On April 30, 2007, Plaintiff filed a complaint in federal district court seeking judicial review of the Commissioner's denial of Plaintiff's claims for disability insurance. On May 18, 2007, Plaintiff filed a Motion for Extension of Time, requesting the Court extend the statutory period set out in 42 U.S.C. § 405(g). On June 7, 2007, Defendant moved to dismiss Plaintiff's claim, alleging that Plaintiff failed to file complaint with

1

federal district court within the statutorily required time period set out in 42 U.S.C. § 405(g). On August 7, 2008, this Court entered an Order extending the time period for the filing. On August 22, 2008, Defendant filed the instant motion, moving this Court to alter its August 7, 2008 Order.

DISCUSSION

Pursuant to 42 U.S.C. § 405(g), an action seeking judicial review of a decision of the Social Security Commissioner must be "commenced within sixty days after mailing to [the claimant] of notice of [the final] decision [of the Commissioner] or within such further time as the Commissioner of Social Security may allow." In the instant case, both parties stipulate that Plaintiff failed to commence its action within the sixty days set forth by § 405(g). The question before the Court is whether FED. R. CIV. P. 6(b) grants a federal court the authority to extend the statutory time period set out in § 405(g).

FED. R. CIV. P. 6(b)(1)(B) states that "When an act may or must be done within a specified time, the court may for good cause, extend this time on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff contends this provision grants federal courts the authority to enlarge the statutory time periods set out in statutes as well as those set forth by the federal rules and court orders. This Court disagrees.

In determining whether Courts should read Rule 6(b) to apply to statutes as well as federal rules and court orders, Rule 6(a) provides definitive guidance. In that subsection, Congress explicitly stated that "[t]he following rules apply in computing any time period specified in these rules or any local rule, court or statute[.]" FED. R. CIV. P. 6(a).[1] The explicit

---

[1] While Congress amended the language of Rule 6 in 2007, those changes were explicitly intended to be stylistic only. Thus, the current language may can be considered in determining whether the varying subsections of Rule 6 should be read to apply to statutes, court orders or the

inclusion of this language in this subsection and omission of such language in other subsections lends support to the general understanding that, in the absence of similar language, the remainder of the Federal Rules of Civil Procedure should be understood to apply only to court orders or the federal rules themselves. With regard to Rule 6(b), Congress did not include any such language relating its application to statutes. Accordingly, this Court finds that Rule 6(b) cannot be understood to apply to statutes and must only be applied to court orders or the federal rules themselves.

While only sparse case law exists relating to the issue of whether FED. R. CIV. P. 6(b) empowers federal courts to extend statutory time periods provided by statutes, those courts that have reviewed the issue have found that it does not. *O'Malley v. Town of Egremont*, 453 F. Supp. 2d 240, 247-248 (D. Mass. 2006); *Parker v. Marcotte*, 975 F. Supp. 1266, 1269 (C.D. Cal. 1997), *rev'd on other grounds*, 198 F.3d 254 (9th Cir. 1999). *Hammons v. International Playtex, Inc.*, 676 F. Supp. 1114, 1118 (D. Wyo. 1988), *vacated and remanded with order to dismiss by party stipulation*, 872 F.2d 963 (10th Cir. 1989). Further, federal practice guides also echo the understanding that FED. R. CIV. P. 6(b) only grants federal courts the power to extend time periods provided by the federal rules or by court order. 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure 3d* § 1165 (2005); 1 James Wm. Moore, et. al., *Moore's Federal Practice* § 6.06(1)(a) (3d ed. 1997).

---

federal rules.

3

## CONCLUSION

For the reasons stated above, Defendant's Motion to Alter or Amend Judgment relating to this Court's August 8, 2008 Order granting Plaintiff's Motion for Extension of Time is GRANTED. Accordingly, the Plaintiff's Motion for Extension of Time is DENIED and Defendant's Motion to Dismiss is GRANTED.

SO ORDERED.

This 15 day of October, 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE